*In re* MARRIAGE OF VICKI R. BENSON, Petitioner-Appellant, and LOREN W. BENSON, Respondent-Appellee.

Third District   No. 3—91—0022

Opinion filed August 23, 1991.

Patricia M. Parker, of Reynolds, Murphy & Associates, of Peoria (G. Edward Murphy, of counsel), for appellant.

Vonachen, Lawless, Trager & Slevin, of Peoria (John R. Pusey, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The defendant father, Loren W. Benson, filed a petition for modification of custody. Thereafter, the plaintiff mother, Vicki R. Benson, filed a petition seeking leave to remove the parties' eight-year-old child, Jacob, from Illinois to Florida. The two petitions were tried together. The trial court granted Loren's petition and transferred custody of the child to Loren. The court then found that Vicki's petition

was rendered moot by the court's decision to modify custody. It further found that Vicki had not met her burden to prove that removal would be in the child's best interest pursuant to section 609(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 609(a)). The court subsequently denied Vicki's motion to reconsider. She appeals.

The record shows that the parties were married on April 9, 1980. On May 10, 1982, the trial court dissolved the marriage. Pursuant to that order, the court awarded custody of the parties' minor child to Vicki. The court granted Loren visitation rights on alternate weekends, holidays, and two weeks during the summer.

Following the dissolution of the marriage, the parties continued to reside in the Peoria area. Vicki was employed as a certified respiratory therapy technician at a Peoria hospital and Loren was employed at Caterpillar. In October of 1985, Vicki took a leave of absence from her employment at the hospital and enlisted in the United States Navy. Navy regulations apparently prevented her from retaining physical custody of her child while she underwent basic training. The parties agreed that Vicki's parents should have custody of the child. From a previous marriage, Vicki had another child named Jennifer. Jennifer also resided with Vicki's parents.

After her training was completed, physical custody of Jacob was restored to Vicki. At that time, Vicki had three options regarding the location of her next tour of duty. The parties agreed that Jacksonville, Florida, would be the best option. Loren then gave Vicki written permission to remove Jacob from Illinois to Florida. In January of 1989, Vicki, Jacob, and Jennifer moved to Florida. Jennifer, however, moved back to the Peoria area after her school year ended. In the fall of 1989, Loren requested that Vicki return Jacob to Illinois around Christmastime. Vicki responded that she would not bring him back. She also told Loren that she would be stationed in Bermuda and Iceland for six months in 1990 and would leave Jacob with a friend during that time.

In December of 1989, Loren filed his petition to modify custody, alleging that Vicki did not have his permission to remove the child from Illinois on a permanent basis. He also alleged in his petition that since the original custody determination, a change in the circumstances of the parties and the child had occurred, and it was thus in the child's best interests to permanently transfer custody to him.

In January of 1990, the trial court granted Vicki a continuance conditioned upon the award of temporary custody of the child to Loren while Vicki was in Bermuda. The court's order further pro-

vided that when Vicki returned to her permanent duty station, custody would revert to her.

In August of 1990, Vicki returned to Florida with Jacob, where the child enrolled in school. Thereafter, Vicki brought her petition to remove the child from Illinois to Florida. Her petition was based on her desire to end her tour of duty with the Navy and to continue to live in Florida.

On November 2, 1990, a hearing was held on the parties' petitions. Thereafter, the trial court entered an order granting Loren's petition to modify and denying Vicki's petition to remove. In modifying custody, the court found that since the prior judgment Vicki had been away from the child for substantial periods of time because of her career choices while Loren had maintained a close and continuing relationship with the child. The court noted that Vicki had testified that if her removal petition was not granted she would not return to a geographical area close to Loren. In that regard, Vicki testified that she would move to southern Illinois, even though she had no acquaintances or job prospects in that area. On that basis, the court found that Vicki lacked a willingness to facilitate a close and continuing relationship between Loren and the child. The court further found that Loren's residence was close to all of the child's significant relatives, particularly the child's maternal grandparents, who spent considerable time rearing the child and have a close and loving relationship with him.

The trial court then found that its decision to modify custody rendered moot Vicki's removal petition. The court further found that she had not met her burden of proof that removal would be in the child's best interests in accordance with *In re Marriage of Eckert* (1988), 119 Ill. 2d 316, 518 N.E.2d 1041.

On appeal, Vicki initially argues that the trial court erred in conducting a joint evidentiary hearing on the two petitions and ruling on Loren's petition to modify before ruling on Vicki's petition to remove. In support of her position, Vicki relies on *In re Marriage of Taylor* (1990), 202 Ill. App. 3d 740, 559 N.E.2d 1150.

In *Taylor*, the father's petition for a change in physical custody was predicated upon the mother's anticipated move to Virginia. There, the trial court consolidated into one hearing the father's petition to change custody and the mother's petition to remove. The court then issued one order discussing its findings of fact and its decision denying the mother's petition and allowing the father's petition. The *Taylor* court found that the trial court should have ruled on the petition to remove first. If the court denied that petition, the father

would then have been required to prove, by clear and convincing evidence, that another change (other than the move to Virginia) had occurred such that the child should be removed from the mother's physical custody.

We find that *Taylor* is controlling in the present case and required that the trial court rule on the removal petition before the custody petition. Here, the trial court ruled on the custody petition before reaching the merits of the removal petition. We are unable to say that the trial court's determination regarding the custody petition was not affected by the removal petition that remained unresolved.

■ Even though the trial court stated that Vicki's petition was not predicated on Loren's custody petition, we find that the record indicates otherwise. Although Loren's petition was filed nine months before the removal petition, we do not find that fact conclusive. Loren's petition was filed in direct response to Vicki's refusal to return the child to Illinois. The filing of the removal petition in this case was thus inevitable. We find that under these circumstances the custody petition was predicated upon the removal petition and therefore this cause should be remanded for further proceedings consistent with *Taylor*. On remand, the trial court should consider the merits of the removal petition before ruling on the custody petition.

■ By our ruling, we do not mandate that the instant trial court conduct separate hearings on the two petitions. We do note, however, that problems do arise in consolidated section 609 and section 610(b) hearings. We note, as did the *Taylor* court, that a judge is required to hear evidence related to two different statutory enactments and must be careful not to allow evidence proper for one petition to impact upon the decision as to the other petition. We recognize that there may be cases where separate hearings should be conducted to accomplish this. We also recognize that if a custody petition is unrelated to a removal petition, a trial court would not be required to rule on the removal petition first.

Based on the foregoing, we vacate the judgment of the circuit court of Tazewell County and remand the cause for further proceedings consistent with both this opinion and *In re Marriage of Taylor*.

Vacated and remanded.

SLATER and STOUDER, JJ., concur.